# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2022

Lyle W. Cayce
Clerk

No. 21-30735
Summary Calendar

Mary E. Jones,

*Plaintiff—Appellant*,

*versus*

City of Monroe; First Transit, Incorporated, doing business as Monroe Transit Management,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CV-832

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Mary E. Jones ("Jones") appeals the district court's judgment dismissing her employment discrimination and retaliation claims. We find no error and AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30735

I.

Jones worked as a bus driver for the City of Monroe, Louisiana ("the City").[1] The City terminated Jones's employment on March 26, 2018. Determination letters from the transit system's general manager state that Jones was fired because of two instances of "personal misconduct" that occurred on or around January 27 and March 10, 2018.[2] The City hired another female to replace Jones.

Following an unsuccessful appeal to the City's Public Works Director, Jones filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming that she had been discharged because of her sex and in retaliation for complaints she had made against her supervisors. The EEOC investigated but was "unable to conclude" that the City had violated the law. Accordingly, the EEOC issued Jones a right-to-sue letter.

---

[1] Jones argued in the proceedings below that she was also employed by First Transit, Inc., which oversaw the general operations of the City's transit system and employed some of Jones's supervisors. The district court found there was no genuine dispute that First Transit was not Jones's employer and granted summary judgment in its favor on this basis. Jones does not challenge, and therefore waives, this issue on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Although First Transit joins the City in responding to Jones's appeal, this opinion omits further reference to First Transit.

[2] As to the January 27th incident, the general manager found that Jones became "out of control and belligerent, . . . shouting and directing accusations . . . and anger towards management" after she received a written warning about proper use of the bus radio. Jones was suspended for five days for this infraction. The determination letter further warned that "any subsequent violations related to personal misconduct, discourtesy or hostility will not be tolerated . . . [and] could result in . . . termination. As to March 10th incident, the general manager found that Jones had loudly cursed at another employee while in the presence of passengers. The determination letter concluded, "considering the totality of the evidence," including Jones's similar misconduct just a few weeks earlier, "you are . . . discharged from employment with the City of Monroe."

No. 21-30735

Jones then filed a complaint in federal court asserting that the City's actions violated Title VII of the Civil Rights Act of 1964,[3] among other laws. The district court partially granted the City's Rule 12(b)(6) motion and dismissed all but one of Jones's claims.[4] The district court subsequently entered summary judgment against Jones's only remaining claim, sex discrimination.[5] Jones timely appealed.

## II.

### A.

Jones first challenges the 12(b)(6) dismissal of her claim for retaliatory discharge. She asserts that the district court erroneously held that Jones failed to exhaust her administrative remedies. However, the district court did not dismiss her retaliation claim on this basis. Rather, it determined that Jones's complaint failed to plausibly allege that she engaged in a protected activity,[6] one of the elements of a retaliation claim.[7] Because Jones does not address the actual basis of the district court's decision, any argument pertaining to this decision is forfeited.[8]

---

[3] 42 U.S.C. § 2000e, *et seq.*

[4] *Jones v. City of Monroe*, No. 19-CV-00832, 2019 WL 5488603 (W.D. La. Oct. 8, 2019) (Mag. J. Rep. & Rec.), *adopting recommendation*, 2019 WL 5491922 (W.D. La. Oct. 24, 2019).

[5] *Jones v. City of Monroe*, No. 19-CV-00832, 2021 WL 5181028 (W.D. La. Nov. 8, 2021).

[6] *Jones*, 2019 WL 5488603, at *10.

[7] *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012) (citation omitted).

[8] *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Jones also argues that the district court "overlooked" her retaliation claim when it later granted the City's motion for summary judgment. The district court did not "overlook" this claim; it refused to consider it because Jones did not timely amend her complaint following the 12(b)(6) dismissal.[9] The district court explicitly stated that Jones may seek leave to amend to cure the pleading defect, but it warned her not to "dither in her efforts."[10] Jones did not move for leave to amend her complaint. Instead, she simply inserted her retaliation claim in her brief opposing the City's motion for summary judgment, which she filed two years after the 12(b)(6) dismissal, one year after the deadline for pleading amendments, after discovery was closed, and a few months before trial. We hold the district court did not abuse its discretion when it rejected this belated attempt at amendment-by-opposition.[11]

## B.

Jones also challenges the district court's decision to admit evidence of disciplinary actions taken against Jones between 2009 and 2012. She points out that violations are "cleared" after three years under the City's Employee Work Rules and Code of Discipline; therefore, these older violations are irrelevant to her termination in 2018.

We review evidentiary rulings for abuse of discretion, and we afford district courts broad discretion regarding questions of relevance.[12] We find persuasive the City's argument that this evidence was relevant to show what

---

[9] *Jones*, 2021 WL 5181028, at *6.

[10] *Jones*, 2019 WL 5488603, at *12 & n.19.

[11] *See Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470–71 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 347–48 (5th Cir. 2008).

[12] *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808–09 (5th Cir. 2017).

constituted "personal misconduct" and that Jones knew her conduct was not tolerated and would be subject to severe disciplinary action. Indeed, even on appeal Jones maintains that "personal misconduct" is a "vague characterization" in the Employee Work Rules. The district court did not abuse its discretion when it admitted this evidence.

## C.

Finally, Jones challenges the district court's decision to grant summary judgment on her sex discrimination claim.[13] We review such decisions de novo, applying the same standard as the district court.[14]

A plaintiff may prove a claim of intentional discrimination under Title VII with direct or circumstantial evidence.[15] Jones does not argue in her opening brief on appeal that direct evidence exists; she discusses only circumstantial evidence. Therefore, we do not consider Jones's contention in her reply brief regarding purported direct evidence of sex discrimination.[16]

We analyze claims built on circumstantial evidence under the *McDonnell Douglas* burden-shifting framework.[17] The first stage of this three-stage framework requires the plaintiff to establish a *prima facie* case of

---

[13] Jones asserted sex discrimination claims under both Title VII and the Louisiana Employment Discrimination Law ("LEDL"). Because the LEDL uses the same standard as Title VII, we discuss only Title VII. *See Turner v. Kansas City S. Ry. Co.*, 675 F.887, 891 n.2 (5th Cir. 2012) (citation omitted).

[14] *LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005) (citation omitted).

[15] *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

[16] *See MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 367 (5th Cir. 2022) (citations omitted).

[17] *McCoy*, 492 F.3d at 556 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

discrimination.[18] Thus, Jones must demonstrate that she "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group."[19]

Only the fourth prong is at issue. Because Jones was replaced by another female bus driver, she must establish that she was treated less favorably than similarly situated males. Jones contends that several male employees engaged in similar conduct but were not fired.

We have defined "similarly situated" narrowly, requiring the employee's situation to be "nearly identical" to that of the proffered comparator.[20] The district court thoroughly explained why none of the male employees were similarly situated to Jones.[21] We agree with that reasoning, as well as the arguments presented in the City's brief. Accordingly, there is no genuine dispute that Jones cannot establish a *prima facie* case, and the district court properly granted summary judgment against her sex

---

[18] *Id.*

[19] *Id.* (footnote omitted).

[20] *West v. City of Houston*, 960 F.3d 736, 740 (5th Cir. 2020) (citation omitted); *see also Garcia v. Pro. Cont. Servs., Inc.*, 938 F.3d 236, 244 (5th Cir. 2019) ("Employees are similarly situated when they held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. Critically, however, the conduct the employer points to as the reason for the firing must have been nearly identical to that of the proffered comparator who allegedly drew dissimilar employment decisions." (citations and quotations omitted)).

[21] *Jones*, 2021 WL 5181028, at *4–5.

discrimination claim. In light of this conclusion, we need not address the second and third stages of the *McDonnell Douglas* framework.

### III.

For the reasons above, the district court's judgment is AFFIRMED.